IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUNGARD RECOVERY SERVICES, LP,** | : | |
|         Plaintiff | | CIVIL ACTION – LAW |
| | : | |
| v. | | No. 02-CV-4851 |
| | : | |
| **HUDSON UNITED BANK,** | | |
|         Defendant | : | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, Hudson United Bank ("HUB"), hereby files its answer with affirmative defenses to Plaintiff's complaint, and avers as follows:

1. Admitted, upon information and belief.

2. Admitted in part, and denied in part. HUB is a New Jersey state-chartered commercial bank, with a principal place of business at 1000 MacArthur Boulevard, Mahwah, NJ 07430-2099. The balance of Plaintiff's allegations in paragraph 2 are denied.

3. Denied. HUB filed a timely Notice of Removal with this Court on July 19, 2002. This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and HUB are citizens of different states and the amount in controversy exceeds $75,000.00.

4. Denied. Venue is proper in this Court.

5. Admitted, upon information and belief.

6. Admitted.

7. Denied, inasmuch as Exhibit "A" is a document which speaks for itself.

8. Denied, inasmuch as Exhibit "B" is a document which speaks for itself.

128015 v1

9. Denied, inasmuch as Exhibit "B" is a document which speaks for itself.

10. Denied, inasmuch as Exhibit "C" is a document which speaks for itself.

11. Denied, inasmuch as Exhibit "A" is a document which speaks for itself.

12. Denied. Plaintiff received notice of termination of the Agreement attached to the Complaint as Exhibit "A" on or about December 22, 1998.

13. Denied. Exhibit "D" is a document which speaks for itself. By way of further answer, in December 1996, Westport was purchased by Lafayette American Bank, which at the time was a subsidiary of Hudson United Bancorp.

14. Admitted. Exhibit "E" is a document which speaks for itself.

15. Denied. Plaintiff's allegations in paragraph 15 constitute conclusions of law to which no response is required. By way of further answer, Exhibit "A" is a document which speaks for itself.

16. Denied. Plaintiff's allegations in paragraph 16 constitute conclusions of law to which no response is required. If and to the extent they constitute allegations of fact, they are denied.

17. Denied. Plaintiff's allegations in paragraph 17 constitute conclusions of law to which no response is required. If and to the extent they constitute allegations of fact, they are denied.

18. Denied. Exhibit "A" is a document which speaks for itself.

19. Denied.

20. Denied.

21. Denied.

22. Denied, inasmuch as it is denied that any payments are due and owing under the Agreement.

23. Admitted in part and denied in part. It is admitted that § E(10) of the Agreement provides that "[i]n any action relating to this Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fee and court costs from the other party." The balance of Plaintiff's allegations in paragraph 23 are denied, inasmuch as Exhibit "A" is a document which speaks for itself.

24. HUB incorporates its answers to paragraphs 1 through 23 above, as if set forth herein at length.

25. Denied.

26. Admitted in part and denied in part. It is admitted that HUB has stopped making payments to Plaintiff. It is denied that HUB is under any obligation under the terms of the Agreement to pay any monies to Plaintiff.

27. Denied. Plaintiff's allegations in paragraph 27 constitute conclusions of law to which no response is required.

28. Denied. Plaintiff's allegations in paragraph 28 constitute conclusions of law to which no response is required. It is specifically denied that Plaintiff has suffered any damages, or that Plaintiff will continue to suffer damages in the future.

29. HUB incorporates its answers to paragraphs 1 through 28 above, as if set forth herein at length.

30. Denied.

31. Denied. Plaintiff's allegations in paragraph 31 constitute conclusions of law to which no response is required. If and to the extent they constitute allegations of fact, they are denied.

32. Denied. Plaintiff's allegations in paragraph 32 constitute conclusions of law to which no response is required. If and to the extent they constitute allegations of fact, they are denied.

**WHEREFORE**, Defendant demands judgment in its favor and against Plaintiff, plus attorneys' fees, court costs, and such other relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

1. Plaintiff's claims fail to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

3. Plaintiff's claims are barred for failure of consideration.

4. Plaintiff's claims are barred by the doctrine of waiver.

5. Count II of Plaintiff's Complaint must be dismissed because in Pennsylvania, where one pleads the existence of a contract, a claim for unjust enrichment is unavailable.

6. Plaintiff's claims are barred by its failure to mitigate damages.

7. Plaintiff's claims are barred because it seeks to recover an unconscionable amount of damages.

8. Plaintiff's claims are barred due to its own breach of contract.

9. Plaintiff's claims are barred due to the doctrine of laches.

128015 v1

10. Plaintiff's claims are barred due to the doctrine of unclean hands.

11. Plaintiff's claims are barred due to the doctrines of actual and/or constructive notice.

12. Plaintiff's claims are barred due to termination of the contract.

**WHEREFORE**, Defendant demands judgment in its favor and against Plaintiff, plus reasonable attorneys' fees, court costs, and such other relief as this Court deems just and proper.

                              **FLAMM, BOROFF & BACINE, PC**

**DATE:_____**

                              **By:_____**
                              **STEVEN KAPUSTIN**
                              **ROBERT R. WATSON, JR.**
                              **Atty. ID Nos. 17981/83787**
                              **Union Meeting Corporate Center**
                              **925 Harvest Drive, Suite 220**
                              **Blue Bell, PA  19422**
                              **(215) 239-6000**
                              **(215) 239-6060 (fax)**
                              Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUNGARD RECOVERY SERVICES, LP,** | : | |
| Plaintiff | | CIVIL ACTION – LAW |
| | : | |
| v. | | No. 02-CV-4851 |
| | : | |
| **HUDSON UNITED BANK,** | | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via first class mail, postage prepaid upon the following individual:

Calvin J. McNulty, Esquire
Bazil & Assoc., PC
102 Pickering Way, Suite 402
Exton, PA 19341


**FLAMM, BOROFF & BACINE, PC**

DATE:_____

By:_____
STEVEN KAPUSTIN
ROBERT R. WATSON, JR.
Atty. ID Nos. 17981/83787
Union Meeting Corporate Center
925 Harvest Drive, Suite 220
Blue Bell, PA 19422
(215) 239-6000
(215) 239-6060 (fax)
Attorneys for Defendant

128015 v1