IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUNGARD RECOVERY SERVICES, LP,** | : | |
| Plaintiff | | CIVIL ACTION – LAW |
| | : | |
| v. | | No. 02-CV-4851 |
| | : | |
| **HUDSON UNITED BANK,** | | |
| Defendant | : | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS REMOVAL

Defendant, Hudson United Bank ("HUB"), hereby responds to Plaintiff SunGard Recovery Services, LP's motion to dismiss removal, and avers as follows:

1. Denied. Exhibit "A" is a written document which speaks for itself. It is further denied that Plaintiff is a citizen of New Jersey, and specific proof thereof is demanded. The balance of Plaintiff's allegations in paragraph 1 constitute conclusions of law to which no response is required.

2. Denied. Plaintiff's Complaint filed in the Chester County Court of Common Pleas, and HUB's Notice of Removal, are written documents which speak for themselves. Plaintiff's allegations in paragraph 2 constitute conclusions of law to which no response is required. HUB asserts that complete diversity does exist between the parties, and specific proof to the contrary is demanded.

3. Denied. Exhibit "B" to Plaintiff's Motion includes written documents which speak for themselves. It is denied that counsel for HUB received any notice of an alleged lack of diversity in this matter from its dealings in the one prior matter in which it represented a defendant in an action brought by Plaintiff. In fact, in that other matter captioned <u>SunGard Recovery Services, LP v. Millennium Inorganic Chemicals, Inc.</u>, at

E.D. Pa. docket no. 01-CV-00741, in response to Plaintiff's allegation that its members included a Pennsylvania corporation with a principal place of business in New Jersey, the undersigned counsel responded on behalf of their clients that "Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment, and thus it is deemed to be denied."  A true and correct copy of the Answer and Affirmative Defenses filed in the Millennium matter is attached hereto as Exhibit "A."

Plaintiff's contentions with respect to HUB's counsel's prior knowledge is further belied by the fact that the Plaintiff candidly alleges in its current Motion and supporting Affidavit that one of its members is a Delaware limited liability company.  This, also, was not alleged in the Millennium action, which was brought against a Delaware corporation. Plaintiff never claimed in the Millennium action that jurisdiction pursuant to 28 U.S.C. § 1332 was improper, and that matter proceeded to verdict against Plaintiff.

Plaintiff's Complaint in this matter only alleges that it is "a Pennsylvania limited partnership with its principal place of business located at 1285 Drummers Lane, Wayne, Chester County, Pennsylvania  19087."  Plaintiff's Complaint further states that it carries on "continuous and systematic" parts of its general business in Pennsylvania.  The Plaintiff's letter dated August 8, 2002 only contains self-serving conclusory statements regarding Plaintiff's corporate citizenship, which were entirely unsupported by the pleadings filed in this matter and Plaintiff's position with respect to jurisdiction in the Millennium mater.  That letter did not include any further support outside of counsel's unsubstantiated statements.  The undersigned counsel promptly responded to that letter on August 21, 2002 noting that the record before the Court was devoid of any evidence suggesting that Plaintiff was anything other than a citizen of Pennsylvania, and stating

that Plaintiff could not withdraw the Removal without some support for counsel's contentions in his prior letter.  A true and correct copy of that letter is attached hereto as Exhibit "B."  As set forth at length in HUB's Memorandum of Law filed contemporaneously herewith, Plaintiff has failed to demonstrate that it is a citizen of New Jersey.

Based on its acceptance of the jurisdiction of the federal court in the <u>Millennium</u> matter, for whatever reason, Plaintiff appears to by engaged in selective forum shopping.  The Notice of Removal was properly filed and fully substantiated by Plaintiff's own pleadings.

Upon receipt of Plaintiff's Motion and Affidavit, HUB's counsel contacted counsel for Plaintiff by telephone to state that, while it disagreed with Plaintiff's factual and legal contentions, in the interest of judicial economy, HUB would withdraw the Removal if Plaintiff would withdraw the instant Motion.  Plaintiff's counsel initially indicated that the undersigned counsel's request was reasonable.  On the following day, however, Plaintiff's counsel advised that Plaintiff would only withdraw the Motion if HUB would pay more than $5000.00 in alleged costs and attorneys' fees (including the highly inappropriate cost of preparing the Motion itself) to Plaintiff.  Plaintiff's counsel's letter is attached hereto as Exhibit "C."  As set forth in HUB's Motion, because its Removal was neither frivolous nor insubstantial, but was presented in earnest, Plaintiff is not entitled to its alleged costs.

**WHEREFORE**, Defendant respectfully requests that Honorable Court enter an Order denying Plaintiff's motion to remand, or in the alternative, remand this matter to the Chester County Court of Common Pleas with no award of costs to Plaintiff as per the consent of Defendant's counsel.

Respectfully submitted,

**FLAMM, BOROFF & BACINE, PC**

DATE:_____

By:_____
**STEVEN KAPUSTIN**
**ROBERT W. WATSON, JR.**
**Atty. ID Nos. 17981/83787**
**Union Meeting Corporate Center**
**925 Harvest Drive, Suite 220**
**Blue Bell, PA  19422**
**(215) 239-6000**
**(215) 239-6060 (fax)**
Attorneys for Defendant